IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., )<br>)<br>Plaintiffs, )<br>)<br>NATIONAL EDUCATION )<br>ASSOCIATION, INC., )<br>)<br>Plaintiff-Intervenor, )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Plaintiff-Intervenor )<br>and Amicus Curiae, )<br>v. )<br>)<br>HOUSTON COUNTY BOARD OF )<br>EDUCATION, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 1:70cv1058-WHA<br>(WO) |

**MEMORANDUM OPINION AND ORDER**

On April 27, 2006, the Houston County Board of Education ("the Board") filed a Motion for Declaration of Unitary Status and Dissolution of Injunction (Doc. # 58).  On July 14, 2000, in a Consent Decree agreed to by the parties and entered by the court, the Board had been declared unitary in the areas of transportation, facilities, and student assignment between schools, leaving for final resolution the areas of recruitment and hiring of faculty and certified staff; student in-class assignments, including the award of diplomas; special education; discipline; and extracurricular activities.

On June 21, 2006, the court held a fairness hearing on the Board's Motion for Declaration of Unitary Status and Dissolution of Injunction.  At the hearing, counsel for all parties informed the court that they wished to proceed with the hearing on student in-class assignments, including

the award of diplomas; discipline; and extracurricular activities, but to postpone a determination in the area of recruitment and hiring of faculty and certified staff until the filing of annual reports in 2006 and 2007, pursuant to the terms of the Consent Decree.

On the basis of the record evidence, witness testimony, and averments of counsel, the court finds that notice of the fairness hearing was properly given, and that the school district defendants have met the standards entitling the district to a declaration of unitary status as to the areas of student in-class assignments, including the award of diplomas; discipline; and extracurricular activities. The Board has fully and satisfactorily complied with the orders of this court in the identified areas. The vestiges of the prior *de jure* segregated school system have been eliminated to the extent practicable in the areas of student in-class assignments, including the award of diplomas; discipline; and extracurricular activities. The court also finds that the Board has demonstrated a good faith commitment to the whole of the court's decrees and to those provisions of the law and the Constitution that were the predicate for judicial intervention in this school system in the first instance, through the Board's compliance with the court's orders over the years, through its good faith implementation of its contractual obligations under the Consent Decree in the identified areas, and through its stated commitment to the continued operation of a school system in compliance with the Constitution in the future.

The plaintiff parties have succeeded with regard to the areas specified in the task they began decades ago to seek the end of the *de jure* system of school desegregation in the Houston County school district. By this lawsuit, they sought to bring the district in compliance with the constitutional requirement of equal protection under the law, and the court states today that they largely have succeeded, with only the area of faculty and certified staff recruitment and hiring remaining. See NAACP, Jacksonville Branch v. Duval County Schools, 273 F.3d 960, 976 (11th

Cir. 2001). By its actions today, the court recognizes and congratulates the sustained efforts of all the parties in bringing this long-standing litigation to a final conclusion as to the areas delineated. The court is confident that the Board will live up to its public commitment to continue the operation of its school system in compliance with the Constitution and as required by law, without the necessity of further supervision by this court in the areas of student in-class assignments, including the award of diplomas; discipline; and extracurricular activities.

The statewide issues involving special education were resolved by a consent decree, which was adopted and approved in this case. According to the terms of the statewide decree, any claims in the area of special education are to be raised with the State defendants. Therefore, claims concerning a local school system do not affect a declaration of unitary status, since the matter must be addressed with State defendants as part of the commitments made under the statewide decree.

The court concludes that control over the Houston County school system is properly returned to the Houston County Board of Education in the areas of student in-class assignments, including the award of diplomas; discipline; and extracurricular activities. Accordingly, it is hereby

ORDERED that the Board's Motion for Declaration of Unitary Status and Dissolution of Injunction (Doc. # 58) is hereby GRANTED as to the areas of student in-class assignments, including the award of diplomas; discipline; and extracurricular activities; the outstanding orders and injunctions with regard to the areas of student in-class assignments, including the award of diplomas; discipline; and extracurricular activities are hereby DISSOLVED, and court supervision of the Houston County Board of Education and the Houston County school district is

ended as to the areas of student in-class assignments, including the award of diplomas; discipline; and extracurricular activities.

The case will proceed as to the area of recruitment and hiring of faculty and certified staff, with the Board complying with the annual reporting requirements of the Consent Decree. After the annual report is filed in 2007, the Board may move for declaration of unitary status in the area of recruitment and hiring of faculty and certified staff, and the plaintiff parties have 30 days from the date of such filing to respond to the Board's motion.

DONE this 22nd day of June, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE