IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| NATIONAL EDUCATION ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Intervenor ) | |
| and Amicus Curiae, ) | |
| v. ) | CIVIL ACTION NO. 1:70cv1058-WHA |
| ) | (WO) |
| HOUSTON COUNTY BOARD OF ) | |
| EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

I.  BACKGROUND

On October 18, 2007, the Houston County Board of Education ("the Board") filed a Petition for Declaration of Unitary Status and Dissolution of Injunction (Doc. #70 ).  On July 14, 2000, in a Consent Decree agreed to by the parties and entered by the court, the Board had been declared unitary in the areas of transportation, facilities, and student assignment between schools, leaving for final resolution the areas of recruitment and hiring of faculty and certified staff; student in-class assignments, including the award of diplomas; special education; discipline; and extracurricular activities.  On June 21, 2006, the court held a fairness hearing on the Board's Motion for Declaration of Unitary Status and Dissolution of Injunction.  At the hearing, counsel for all parties informed the court that they wished to proceed with the hearing

on student in-class assignments, including the award of diplomas; discipline; and extracurricular activities, but to postpone a determination in the area of recruitment and hiring of faculty and certified staff until the filing of annual reports in 2006 and 2007, pursuant to the terms of the Consent Decree.  After the hearing, the court declared the Houston County school system unitary in the areas of student in-class assignments, including the award of diplomas; discipline; and extracurricular activities, leaving for final resolution the areas of recruitment and hiring of faculty and certified staff.

## II.  DISCUSSION

On January 16, 2008, the court held a fairness hearing on the Board's Petition.  On the basis of the record evidence, the court finds that notice of the fairness hearing was properly given.  The court has considered the record evidence, witness testimony, averments of counsel, the two written objections to declaration of unitary status, and the testimony offered at the fairness hearing in support of one written objection.  The court concludes that the school district defendants have met the standards entitling the district to a declaration of unitary status as to the areas of recruitment and hiring of faculty and certified staff.   The Board has fully and satisfactorily complied with the orders of this court. The vestiges of the prior *de jure* segregated school system have been eliminated to the extent practicable in the areas of recruitment and hiring of faculty and certified staff.   The court also finds that the Board has demonstrated a good faith commitment to the whole of the court's decrees and to those provisions of the law and the Constitution that were the predicate for judicial intervention in this school system in the first instance, through the Board's compliance with the court's orders over the years, through its good faith implementation of its contractual obligations under the Consent Decree, through the Board resolution stating its commitment to the terms of the Consent Decree, and through its stated

commitment to the continued operation of a school system in compliance with the Constitution in the future.

The plaintiff parties have succeeded in the task they began decades ago to seek the end of the *de jure* system of school desegregation in the Houston County school district. By this lawsuit, they sought to bring the district in compliance with the constitutional requirement of equal protection under the law, and the court states today that they have succeeded. *See NAACP, Jacksonville Branch v. Duval County Schools*, 273 F.3d 960, 976 (11th Cir. 2001). By its actions today, the court recognizes and congratulates the sustained efforts of all the parties in bringing this long-standing litigation to a final conclusion. The court is confident that the Board will live up to its public commitment to continue the operation of its school system in compliance with the Constitution, without the necessity of further supervision by this court.

The statewide issues involving special education were resolved by a consent decree, which was adopted and approved in this case. According to the terms of the statewide decree, any claims in the area of special education are to be raised with the State defendants. Therefore, claims concerning a local school system do not affect a declaration of unitary status, since the matter must be addressed with State defendants as part of the commitments made under the statewide decree.

### III. CONCLUSION

For the reasons discussed, it is hereby

ORDERED that the Board's Petition for Declaration of Unitary Status and Dissolution of Injunction (Doc. #70 ) is hereby GRANTED; the outstanding orders and injunctions are hereby DISSOLVED, and court supervision of the Houston County Board of Education and the Houston County school district is ended.

A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE this 16th day of January, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE